# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 23-1114V

|  |  |
|---|---|
| ELENA BORISEVICH, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 11, 2025 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*David Gregory Rogers, Rogers, Hofrichter & Karrh, LLC, Fayetteville, GA, for Petitioner.*

*Ryan Nelson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 19, 2023, Elena Borisevich filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome related to vaccine administration following an influenza vaccine she received on October 28, 2021. Petition, ECF No. 1. On October 4, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $16,086.21 (representing $14,276.70 in fees plus $1,809.51 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 10, 2025, ECF No. 36. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 36-8.

Respondent reacted to the motion on March 13, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 37. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, as explained below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2021 are reasonable and consistent with prior determinations and will therefore be adopted. Petitioner has also requested an hourly rate of $475.00 for work performed in 2022, 2023, and 2024 by attorney David Gregory Rogers, which represents a $51.00 dollar increase from the previous year. I find the proposed rate to be reasonable and shall be adopted herein.

I have reviewed the billing records submitted with Petitioner's request. Most of the time billed to the matter was reasonably-incurred. However, the billing records reveal a total of 4.00 hours spent on tasks considered administrative in nature, including receiving documents and filing documents through CM/ECF.[3] Billing at *any professional rate* for clerical and other administrative work is not permitted in the Vaccine Program[4]. See *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See also *Floyd* v. *Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences...preparing compact discs...and filing documents through the CM/ECF system."); *Kerridge* v. *Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver* v. *Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Accordingly, time incurred for such tasks will not be reimbursed. **Application of the foreground reduces the amount of fees to be awarded by <u>$886.30</u>.**[4]

---

[3] See billing entries dated: 7/19/2023, 8/3/2023, 3/6/2024, 3/15/2024, 7/19/2024, 8/22/2024, 5/13/2024. ECF No. 36-3 at 1-4.

[4] This amount is calculated as follows: ($148.00 x 3.10 hrs. of admin. tasks billed by paralegal = $458.80 in fees claimed for non-compensable tasks) + ($475.00 x .90 hrs. of admin. tasks billed by attorney Rogers = $427.50 in fees claimed for non-compensable tasks) = $886.30 in total fees claimed for tasks that are not reimbursable in the Program

In addition, attorney Rogers billed 0.70 hours in this matter at his regular rate of $475.00 for work more properly categorized as paralegal tasks.[5] Although the work performed was reasonable, it must be billed at non-attorney rates due to the nature of the task performed. It is well established in the Program that "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).  "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

 Accordingly, I hereby reduce attorney Roger's hourly rate to that of a paralegal's rate for the 0.70 hours he billed on such tasks more properly categorized as paralegal work. **Application of the foregoing reduces the amount of fees to be awarded by $200.10.**[6]

Petitioner has otherwise provided supporting documentation for all other claimed costs. ECF No. 39. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $14,999.81 (representing $13,190.30 in fees plus $1,809.51 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

---

[5] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, bate stamping documents, drafting basic documents such as an exhibit list, PAR Questionnaire, notice of filing, statement of completion, cover sheet, and joint notices not to seek review. See billing entries dated: 8/3/2023, 1/12/2024. ECF No. 36-3 at 1-4.

[6] This amount is calculated as follows: ($475.00 - $186.00 = $289.00 x 0.50 hrs.) + ($475.00 - $197.00 = $278.00 x 0.20 hrs.) = $200.10.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master